UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 23-cr-0428-BAH |
| | : | |
| DONOVAN BRAXTON | : | |
| Defendant. | : | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, by and through counsel, respectfully submits this memorandum in aid of sentencing. He requests that he be sentenced as outlined below.

## PROCEDURAL BACKGROUND

1. On December 7, 2023, a Federal Grand Jury empaneled in the District of Columbia returned an Indictment charging Donovan Braxton, Jr., with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 USC § 922(g)(1).

2. On January 19, 2025, Mr. Braxton, in a written plea agreement, pled guilty to the Indictment lodged against him. The plea agreement was pursuant to Rule 11(c)(1)(C). The defendant and the Government agreed that a sentence within the range of 61 to 67 months imprisonment (Criminal History Category-CHC IV Base Offense Level-BOL 21), followed by three years of supervised release, was the

1

appropriate sentence. The Court accepted the plea agreement as tendered.

3. Probation, in the presentence report (PSR) added 1 point for a simple possession of marijuana conviction from 2019 and found a CHC of V rather than IV, with a guideline range 70 to 87 months.[1] Probation nonetheless recommends a sentence within the agreed upon guideline range, 66 months.

4. The Judicial Sentencing Information database (JSIN) reflects an average sentence of 55 months for defendants with a base offense level of 21 and a criminal history category of IV. The median length of imprisonment was 57 months.

5. For the following reasons, Mr. Braxton requests that he be sentenced to the low end of his agreed upon range, 61 months.

## MATERIAL ERRORS IN PSR

6. No material errors in the PSR are noted. However, page 5 ¶ 14 and pages 6-7 ¶ 24 of the PSR contain serious unproven allegations that were not part of the defendant's plea. He requests that these paragraphs be removed from his PSR.

## SENTENCING FACTORS

7. The core requirement of 18 U.S.C. §3553(a) is that the court impose "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a), which provides no order of priority among the

---

[1] This calculation is really of no consequence. as USSG §4A1.3, comment. (n. 3 (A) (ii)) calls for a CHC downward departure for simple possession of marijuana convictions.

2

factors. The factors outlined in § 3553(a) are as follows:

- The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);

- the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A);

- the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);

- the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2) (C);

- the need for the sentence imposed "to *provide the defendant with needed* educational or vocational training, *medical care*, or other correctional treatment in the most effective manner," 18 U.S.C. § 3552(a)(2)(D);

- the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);

- the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);

- the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6);

- the need to provide restitution to any victims of the offenses, 18 U.S.C. §

3

3553(a) (7).

## OFFENSE

8. Weapon possession by a felon is a serious offense. A "giggle switch" attached to the weapon only exacerbates the situation. But noteworthy is the fact that the Braxton's prior convictions are all theft, minor assaultive behavior, and traffic offenses.

## PERSONAL BACKGROUND

9. Braxton presents as an unusual CHC IV or CHC V defendant. Although he appears incredibly irresponsible, overall, his prior convictions consist of property offenses, simple assaults, and traffic offenses. At 5 feet, 4 inches tall, he appears impish when photographed.



10. Mr. Braxton is uneducated but has expressed interest in obtaining his GED. He was diagnosed with ADHD as a child (PSR at ¶ 111) and had an IEP while in school. PSR at ¶¶ 121-2. His father abandoned him when he started getting into trouble as a juvenile. PSR at ¶ 97. Braxton is extremely close to his significant other and their three children, all of whom reside with his mother in Maryland. PSR at ¶ 99.

11. Mr. Braxton earned a Heating, Ventilation, and Air Conditioning (HVAC) license and certification through a program facilitated by CSOSA. Apparently, it was not worth the paper it was written on or Braxton, for any number of reasons, did not pursue employment in this line of work. His criminal record may have been a significant factor here.

## INCARCERATION

12. Donovan Braxton needs to finish his GED, no matter how difficult it is for him. He needs real life skills training, inclusive of some type of training to enable him to obtain employment, despite his record. He is months shy of his 40th birthday. This could be a turning point in his life.

## CONCLUSION

Mr. Braxton requests that he be sentenced to a "sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a), 61 months of incarceration.

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
202.234.7300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this response was served on counsel for the United States via the court's CM/ECF system on this 28th day of March 2025.

_____/s/_____
Christopher M. Davis